## Klose v. Dickinson

*John R. Walker,* for plaintiff.
*Kenneth E. Hankins, Jr.,* for defendant.

EPPINGER, *P.J.,* August 12, 1982—Karen E. Klose is the mother of Michael Keith Estevez born September 15, 1980 and Stacie Marie Klose, born October 20, 1981. In an earlier proceeding which has since been discontinued she named Saul G. Estevez as the father of Michael. In this second action she alleges that Donald Dickinson is the father of Michael. She also contends that he is the father of Stacie.

Karen testified that her first sexual relations were with Donald on New Years Eve, 1979, and then

later in 1980, but she doesn't know the exact date. Michael was born September 15, 1980.

At the trial the report from the Baltimore RH Typing Laboratory was introduced and it showed that Donald Dickinson could not be excluded as the father of Michael, and that the plausibility of paternity was 99.14 percent.

Defendant argued that since the blood test report did not show a 100 percent plausibility of paternity, or even if it did, the rule of Com. v. Young, 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948) must apply. In that case at page 283 it is said " . . . a prosecutrix may not be permitted to select one of two men as responsible if both of them had intercourse with her about the time that conception may have occurred . . ." It is difficult for us to accept her statement that she had intercourse only with Dickinson, since she recited other relationships, first with Estevez and then with Jeff Brugaber.

Her suit was filed against Estevez, she said, because he agreed to care for the child, but apparently no longer. So we have a situation where she had named three different persons as the father of the child. While the mathematics and the blood test confirm the possibility she argues that it was Dickinson and that we should disregard those other relationships. She said she suspected pregnancy at the beginning of January.

When Karen testified, she said the last sexual relationship with Estevez was at a time which we have computed as being 299 days before the child was born. Her admission was the she had relations with Brugaber sometime in March. If it was not for the laboratory test, we would have to dismiss the case in which Karen contends that Donald is the father of Michael. The question is whether these scientific tests require us to ignore the long-standing

rule of Young and decide the case according to the results of the test. We have had no appellate instructions on this point.

In Young, the court accepted medical data supported by authorities that the normal gestation period is 275-282 days from the end of the last menses or 270 days from single coition. The pregnancy may be probacted to 334 days after coitus or 344 days after menses. The court also noted that in America the liberal view is taken, and the legitimacy of a birth at the completion of 313 and 317 days has been recognized. Citing a 1943 publication the court noted that pregnancy has been found to vary from 220 to 330 days, the average being 270 days. As noted earlier, Estevez had intercourse with Karen 299 days prior to the child's birth and it is somewhat difficult to determine when she had relations with Brugaber and whether she gave us all the facts about that.

We conclude that under the Young doctrine, Donald Dickinson cannot be found to be the father of Michael Estevez.

There are no such impediments, however, as to the birth of Stacie. The paternity plausibility in that case, according to the testing laboratory, was 99.83 percent, and Karen claimed he was the father and defendant did not deny it.

## ORDER OF COURT

August 12, 1982, the court enters a verdict for defendant in the action in which Karen Klose claims that Donald Dickinson is the father of Michael Estevez and enters a verdict for plaintiff in the action in which she claims he is the father of Stacie Marie Klose.

It is ordered that an office conference shall be

scheduled by the Domestic Relations Hearing Officer to make recommendtions to determine the amount of support for Stacie Marie.

Costs of the case on behalf of Michael Estevez shall be paid by the county and those incurred in the case on behalf of Stacie Marie shall be paid by defendant.